UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TYYELL M. HALL,

      Plaintiff,

          v.                          CAUSE NO. 3:22-CV-1043-JD-MGG

MIAMI CORRECTIONAL FACILITY,
et al.,

      Defendants.

OPINION AND ORDER

Tyyell M. Hall, a prisoner proceeding without a lawyer, filed a complaint under

42 U.S.C. § 1983. (ECF 1.) As required by 28 U.S.C. § 1915A, the court must screen the

complaint and dismiss it if it is frivolous or malicious, fails to state a claim upon which

relief may be granted, or seeks monetary relief against a defendant who is immune

from such relief. To proceed beyond the pleading stage, a complaint must contain

sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp.*

*v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded

factual content allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr.

Hall is proceeding without counsel, the court must give his allegations liberal

construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Hall is an inmate at New Castle Correctional Facility. His claims stem from

events occurring when he was incarcerated at Miami Correctional Facility ("MCF"). He

alleges that on September 25, 2021, he was walking to the dining hall with other inmates, when he saw Officer Heinaman (first name unknown) and began to complain to him about a problem with the inmates' uniforms. As best as can be discerned, inmates would not be served a meal unless they were dressed in a blue uniform, but Mr. Hall claims some inmates were not given blue uniforms, such that they were unfairly denied meals. Mr. Hall makes clear that he was wearing a blue uniform, so his concern appears to have been raised purely on behalf of other inmates.

He claims that while he was talking to Officer Heinaman about this issue, Sergeant Ornelas (first name unknown) intervened and told him to "shut up." Mr. Hall felt this was rude and continued to talk to Officer Heinaman. Sergeant Ornelas then allegedly told him to "stop complaining like a little bitch." Mr. Hall told Sergeant Ornelas to stop talking to him, at which point Sergeant Ornelas told him to go back to his cell. Mr. Hall felt there was no reason for him to go back to his cell and miss his meal, so he continued walking toward the dining hall. At that point, Sergeant Ornelas allegedly released his dog, who tried to bite Mr. Hall. Immediately thereafter, Officer Heinaman began to shock him with his tazer gun. He fell on the ground and was "shaking from the tazer shot," at which point Sergeant Ornelas released the dog again. He claims the dog walked around his entire body and then bit him in the genitals. He believes Sergeant Ornelas deliberately instructed the dog to bite him in the genitals so as to cause him unnecessary pain. Officer Heinaman also continued to shock him with the tazer while this was occurring, even though he was lying on the ground in pain and not posing a threat.

2

Under the Eighth Amendment, inmates cannot be subjected to excessive force. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.*

It can be discerned from Mr. Hall's allegations that he disobeyed an order to return to his cell, making it appropriate for the officers to use some level of force to gain his compliance. *Soto v. Dickey*, 744 F.2d 1260, 1267 (7th Cir. 1984) ("Inmates cannot be permitted to decide which orders they will obey, and when they will obey them."). However, he claims that when he was lying on the floor after being shocked with the tazer, he did not pose a threat, but yet the officers continued to shock him with the tazer and caused the dog to bite him in the genitals. It can be plausibly inferred from these allegations that the officers used more force than was necessary under the circumstances. He will be permitted to proceed against the officers.

He also names MCF as a defendant, but this is a building, not a "person" or policy-making body that can be sued for constitutional violations under 42 U.S.C. § 1983. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). This defendant will be dismissed.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Officer Heinaman and Sergeant Ornelas (first names unknown) in their personal capacity for monetary damages for allegedly using excessive force against him in violation of the Eighth Amendment on September 25, 2021, by repeatedly shocking him with a tazer and causing their dog to bite him in the genitals while he was lying on the ground;

(2) DISMISSES Miami Correctional Facility as a defendant;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer Heinaman and Sergeant Ornelas (first names unknown) at the Indiana Department of Correction and to send them a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent such information is available;

(6) ORDERS Officer Heinaman and Sergeant Ornelas to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on February 6, 2023

/s/ JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT

4